IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| The United States of America for the use and benefit of Robert Lloyd Electric Co., Inc., | ) ) ) ) | Case No.: 6: 19-cv-2419-JD |
| Plaintiff, | ) ) | **ORDER & OPINION** |
| vs. | ) ) | |
| Fluor Enterprises, Inc., et al., | ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Riggs-Distler & Company, Inc.'s ("Riggs") Motion to Intervene pursuant to Rule 24(a), or in the alternative Rule 24(b), Fed. R. Civ. P. (DE 124). Riggs contends *inter alia* that it has a monetary interest in the disputed funds in the underlying action between the parties, and therefore, it should be permitted to intervene. The United States of America for the use and benefit of Robert Lloyd Electric Co., Inc. ("Plaintiff" or "Lloyd") and Fluor Enterprises, Inc. ("Fluor") and Fluor Daniel Caribbean, Inc. ("FDC") (collectively "Defendants") have filed responses to Riggs' Motion to Intervene. (DE 125 and DE 126.) Lloyd supports the motion contending Riggs will provide for a more complete presentation of the facts and ensure fair dealing between the parties to the contracts. (DE 125). However, Defendants oppose the motion because it fails to meet Rule 24, Fed. R. Civ. P.

The parties have fully and expansively briefed the motion. After reviewing the motion, memoranda submitted, and the record, the Court grants Riggs' Motion to Intervene.

**BACKGROUND**

This underlying action arises out of a contract between Fluor and Lloyd dated December 11, 2017 ("FDC Contract"), whereby Lloyd was to perform electric distribution and transmission

1

construction services for Fluor in support of Fluor's Prime Contract with the United States Army Corps of Engineers (USACE).  (DE 124-1, p. 2.)  Fluor was hired for clean-up and restoration services in furtherance of a federal public-work project located in or around Puerto Rico as a result of hurricane damage.  (DE 19, pp. 1-2.)  To perform its contractual duties, Lloyd was required to secure certain specialized equipment. Accordingly, the FDC Contract contemplated the use of subcontractors to include Lloyd.  (DE 124-1, p. 2.)  Lloyd then contracted with Riggs ("Subcontract") to aid in the transportation of equipment.  According to Lloyd, Fluor was required to pay for all equipment mobilization to and from Puerto Rico.  (DE 19, pp. 1-2.)  In 2018, Fluor demobilized Lloyd but purportedly left Lloyd with unpaid invoices.  Lloyd has asserted three causes of action, including breach of contract, against Fluor in the underlying action.  (DE 73, ¶¶ 50-59.)   Lloyd's Complaint alleges that Fluor failed to pay it $3,621,435, owed under the FDC Contract.  (DE 124-1, p. 4.)  Fluor has filed a counterclaim alleging *inter alia* a breach of contract claim against Lloyd.  (DE 120, p. 31.)  Riggs has now filed this present Motion to Intervene alleging unpaid invoices totaling $1,668,361.10 for work done for Lloyd Electric.  (DE 124-1, p. 2.)

The dispute between the three parties is based on the FDC Contract and the Subcontract. Fluor alleges that it improperly paid Lloyd profits in violation of the FDC Contract as a result of improper invoices sent to it by Lloyd.  (DE 120, p. 31.)  Specifically, pursuant to Article 1.6.1 of the FDC Contract, Fluor alleges Lloyd materially breached the Contract by *inter alia* adding a 17.5 percent profit to its Subcontract in violation of the FDC Contract.[1]  (DE 120, p. 31.)  Lloyd disputes

---

[1]     Fluor contends under the FDC Contract, Part II, Commercial Terms, Article 1.6.1, Lloyd Electric was prohibited from adding any element of profit to its lower tier subcontracts.  Thus, Fluor contends that Lloyd's breach through its improper invoices caused it damage of not less than $3,000,000.  (DE 120, pp. 31-32.)

this allegation and seeks to keep the disputed profits and collect against Fluor the amount it has asserted in its Complaint.

Riggs in its Motion to Intervene, seeks an interest in the disputed invoices/profits that Lloyd wants to retain, and Fluor seeks to reclaim. Riggs *inter alia* contends that if Fluor is successful, Lloyd likely does not have the financial capability to pay Riggs' outstanding invoices. Additionally, Riggs contends that if Section 1.6.1 of the FDC Contract is determined to apply, then Section 7.2 of Part III of the FDC Contract also applies and takes precedence over Section 1.6.1. (DE 128, p. 2.) Thus, Riggs' position is that Section 7.2 of the Contract does not allow a windfall to the benefit of Fluor, and therefore, Section 7.2 should direct the $1.6 million to Riggs. Accordingly, Riggs seeks to intervene in the underlying action requesting a declaratory judgement concerning the dispute about the force and effect of Section 1.6.1 and to assert claims against Fluor and Lloyd for its unpaid invoices and the profits. (DE 124-1, p. 4.)

Lloyd filed the underlying action against Fluor on April 16, 2019. (DE 124-1, p. 4.) Fluor initially filed an Answer on September 13, 2019. (DE 31.) Fluor then filed an Amended Answer and Counterclaim on April 2, 2021, and Riggs filed its Motion to Intervene on April 26, 2021.

## **LEGAL STANDARD**

A party may move to intervene of right, pursuant to Rule 24(a) or under permissive intervention under Rule 24(b). Fed. R. Civ. P. 24. When analyzing a Motion to intervene of right, a court must find that applicant meets " all four of the following requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir.

3

1999); see also Fed. R. Civ. Proc. 24(a).  The "intervenor bears the burden of demonstrating to the court a right to intervene."  Matter of Richman, 104 F.3d 654, 658 (4th Cir. 1997). Permissive intervention allows the court, in its discretion, to permit anyone to intervene upon timely motion who "is given a conditional right to intervene by a federal statute; or has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.  Fed. R. Civ. P. 24(b)(1)(B)(3).

## DISCUSSION

The Court finds that Riggs meets the four requirements for intervention of right under Rule 24(a) Fed. R. Civ. P., and thus the Court does not reach the parties' alternative arguments concerning permissive intervention under Rule 24(b).  First, as to the timeliness of Riggs' motion, Riggs filed its Motion to Intervene within four weeks of Fluor's Amended Answer and Counterclaim.  "In order to properly determine whether a motion to intervene in a civil action is sufficiently timely, a trial court in this Circuit is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion."  Alt v. United States EPA, 758 F.3d 588, 591 (4th Cir. 2014).  Here, although the underlying action was filed in 2019, Fluor filed a counterclaim for breach of contract against Lloyd in 2021 challenging whether the contract with Fluor permits Lloyd to earn profit from the work of its subcontractors.  Riggs contends that part of the amount Lloyd claims entitlement to would necessarily constitute a markup in which Riggs claims an interest.  Riggs filed this motion within thirty-days of Fluor's counterclaim, and therefore, Riggs was not tardy in its filing and any prejudice to Fluor would be minimal due to its late filing of its counterclaim pursuing the disputed profits against Lloyd.

Secondly, Riggs has an interest in the subject matter of the underlying action as it seeks a Declaratory Judgement regarding the application of Section 1.6.1 and Section 7.2 of Part III and which takes precedence. If successful, Riggs seeks monetary relief from the disputed invoices/profits. An economic interest in the subject matter of the litigation is sufficient to support intervention. See Jones v. Koons Automotive, Inc., 752 F. Supp. 2d 670, 690 (D. Md. 2010) ("Fourth Circuit cases allow intervention where the intervenor asserts an economic interest." (citing JLS, Inc. v. Pub. Serv. Comm'n of W. Virginia, 321 F. App'x 286, 290 (4th Cir. 2009).

Lastly as related to factors three and four, Riggs has also sufficiently shown that a denial of its Motion to Intervene would impair or impede its ability to protect its interests and that its interests are not adequately represented by the existing parties. If either Lloyd or Fluor is successful, Riggs may not be able to recover its claims and thus may be impaired from protecting its interest. Further, as Riggs, Fluor, and Lloyd all claim an interest in the disputed invoices/profits, neither Fluor nor Lloyd can adequately represent the interests of Riggs in this case because the ultimate objectives of each are in conflict to each other. Therefore, the Court finds Riggs has met its burden for intervention of right under Rule 24(a), Fed. R. Civ. P.

## **CONCLUSION**

For the foregoing reasons, Riggs' Motion to Intervene (DE 124) is granted.

**AND IT IS SO ORDERED.**

*Joseph Dawson III*

Joseph Dawson, III
United States District Judge

November 16, 2021
Greenville, South Carolina